IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAURICE STOKES, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No.: 24-cv-3493-LKG |
| MYESHA ISAAC, et al., | ) Dated: February 20, 2025 |
|     Defendants. | ) |

USDC- GREENBELT
'25 FEB 20 PM4:05

## MEMORANDUM

Plaintiff Maurice Stokes, who is incarcerated at North Branch Correctional Institution ("NBCI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. In addition, the Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff alleges that he had sex with two inmates, transgender women, who he believes to have HIV. ECF No. 1 at 1. He states that if they are HIV-positive, NBCI helped them lie about their status. *Id.* Concerning a third transgender woman, Plaintiff asserts that it was known to security and medical staff that they were having sex, but no one informed him that she is allegedly HIV-positive as well. *Id.* at 2. He states that he was later informed by her brother. *Id.* Plaintiff seeks to sue a fourth inmate with whom he was in a fight about property because she allegedly falsely accused him of raping her. *Id.*

Plaintiff also names Corizon Health, asserting that the medical provider created a dangerous environment by not regularly testing gay and transgender inmates. ECF No. 1 at 3. Furthermore, no education or prevention measures are taken to prevent the spread of HIV and other sexually transmitted infections. *Id.* He asserts that the Maryland Department of Corrections is also responsible for preventing the spread of disease in their institutions. *Id.* Plaintiff states that he does not currently have HIV, but is concerned that he could in the future and requests the test results of all inmates with whom he has had sexual relations. *Id.* at 4.

For the reasons discussed below, Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff's Complaint is construed as a civil rights complaint brought pursuant to 42 U.S.C. § 1983. Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, a plaintiff must demonstrate that: (1) they suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff has named four inmates at NBCI as defendants. As they are private persons and do not act under color of law in the allegations made by Plaintiff, he cannot bring a § 1983 claim against them.

Plaintiff's claims against Corizon Health and the Maryland Department of Corrections must also be dismissed. Liberally construing the Complaint, Plaintiff seeks to hold Corizon and the Department of Correction liable for the risk that various diseases may spread through the inmate population at NBCI. However, Plaintiff fails to plead any facts showing that he was denied medical care due to a custom or policy of the contracted medical provider. In the case of *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that local governmental entities may be liable under § 1983 based on the unconstitutional actions of individual defendants where those defendants were executing an official policy or custom of the local government that violated the plaintiff's rights. *Id.* at 690–91. Of import here, *Monell* liability has been extended to private entities operating under color of state law, including private prison health care providers. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 49 (1988); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981); *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Thus, those standards applicable to municipalities apply with full force to Corizon Health. *See Rodriguez*, 338 F.3d at 355 (observing that principles of § 1983 municipal liability "'apply equally to a private corporation'" acting under color of state law) (citation omitted).

Having failed to make any factual allegations which would support such a claim, Corizon Health must be dismissed. Notably, Plaintiff is not HIV-positive, nor does he state that he has been denied testing for sexually transmitted infections. Additionally, his allegations against the Department of Corrections only amount to an opinion that they should be taking measures to combat the spread of HIV and AIDS among inmates. He fails to allege any misconduct on their part that has violated Plaintiff's constitutional rights. Accordingly, the Complaint must be dismissed for failure to state a claim.

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A separate order follows.

February 20, 2025
Date

LYDIA KAY GRIGGSBY
United States District Judge